NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2016[*]
Decided May 26, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-2484

| | |
|---|---|
| CASEY DARREL HUNTER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 4:12-cv-04036 |
| | |
| TIMOTHY MUEHLER, | Sara Darrow, |
| *Defendant-Appellee*. | *Judge*. |

**O R D E R**

Casey Hunter claimed in this suit under 42 U.S.C. § 1983 that Timothy Muehler, a police officer in Rock Island, Illinois, used excessive force in arresting him. The district court granted summary judgment for Muehler on the ground of qualified immunity, and Hunter appeals.

The background facts are straightforward. Hunter ran from a pickup truck that Officer Muehler and his partner had stopped on suspicion that the occupants were

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

involved in a drug deal. Muehler gave chase, saw what he thought was a gun in Hunter's right hand, and ordered him three times to drop the weapon. According to Muehler, Hunter instead fired one round over his shoulder while still running. Muehler then shot Hunter in the buttocks and foot. He fell, and police found a .38-caliber revolver on the ground nearby.

Illinois authorities charged Hunter with aggravated discharge of a firearm, attempted murder, and unlawful possession of a weapon by a felon. A state-court jury acquitted him of the first two offenses but found him guilty of possessing the revolver. Federal authorities then brought their own charge of possession of a firearm by a felon, 18 U.S.C. § 922(g), based on the same incident. A district judge convicted Hunter after a bench trial, and his direct appeal from that conviction is currently pending. *United States v. Hunter*, No. 15-3700 (7th Cir. filed Dec. 4, 2015).

Meanwhile, during the ongoing federal prosecution, Hunter brought this suit alleging that Officer Muehler "wrongfully shot" him, which the district court understood to be a claim of excessive force in violation of the Fourth Amendment. At summary judgment Muehler countered that Hunter's use of a gun to threaten him had made his own use of deadly force objectively reasonable. Muehler characterized this defense as resting on the doctrine of qualified immunity, but effectively he was arguing that his use of force had not violated Hunter's rights under the Fourth Amendment. See *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or others, it is not constitutionally unreasonable to prevent escape by using deadly force.").

As evidence to support his version of events, Officer Muehler submitted transcripts of testimony given at Hunter's state trial, including Muehler's own testimony and that of another officer who, during a hospital interrogation, had elicited Hunter's confession to firing the revolver. In response Hunter did not dispute Muehler's account of the shooting; instead, he wrote that it would have been in the officer's "best interest to plant a gun & claim that it was shot." He submitted no evidence aside from an affidavit in which he asserted that being shot from behind "clearly proves that the excessive use of force was unnecessary." The district court, in ruling for Muehler, concluded that a "reasonable officer facing the quickly unfolding events" would justifiably have believed that Hunter "posed a threat to himself, other officers and civilians in the area."

On appeal Hunter does not challenge the district court's conclusions or present a legal argument; indeed, he does not even directly dispute Officer Muehler's account of the shooting. Instead, Hunter submitted to this court a variety of newspaper clippings, photographs, and documents from his criminal proceedings. We construe *pro se* filings liberally, *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001), but like Officer Muehler, we cannot find in Hunter's appellate brief any challenge to the district court's decision. Both his opening and reply briefs refer to evidence admitted at his state trial and offer general assertions of his innocence, but lack any discussion of the district court's analysis. Even *pro se* litigants must comply with Federal Rule of Appellate Procedure 28(a)(8), which requires that an appellate brief contain a cogent argument and reasons supporting it, with citations to authority and relevant parts of the record. Although we "are generally disposed toward providing a litigant the benefit of appellate review," *Anderson*, 241 F.3d at 545, we will not craft arguments or conduct legal research on behalf of a litigant. Because Hunter has not presented an argument, we are left with nothing to review.

DISMISSED.